**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**John FORMA, Vincent Forma, Peter Aaron, Gerhard Meilen and Thomas Boccieri, Defendants.**

**85 Civ. 3820–CHS.**

United States District Court,
S.D. New York.

Sept. 16, 1985.

Ira Lee Sorkin, Regional Adm'r, New York City, for plaintiff S.E.C.

Lowy & Chernis, P.C., by Paul Chernis, New York City, for defendant John Forma.

Schwarzfeld, Ganfer & Shore, New York City, for defendant Vincent Forma.

Weil, Gotshal & Manges, New York City, for defendant Gerhard Meilen.

Ormsten & Evangelist by Franklin Ormsten, New York City, for defendant Thomas Boccieri.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Defendant Thomas E. Boccieri has written to the Court under date of September 6, 1985, with copies to all other counsel of record.

Mr. Boccieri states that his attorney in these proceedings is Franklin D. Ormsten, Esq. Mr. Ormsten, an experienced S.E.C. attorney, has on the basis of his prior association with Mr. Boccieri agreed to represent the latter without fee. In view of Mr. Boccieri's present economic circumstances, that aspect of Mr. Ormsten's representation is important to him.

Mr. Boccieri's letter advises that counsel for co-defendant and cross-claimant Vincent Forma has informally objected to Ormsten's representation of Boccieri. I say "informally" because all the Court has to go by is the account contained in Boccieri's letter. Forma has not made a motion to disqualify Ormsten as counsel for Boccieri. That is, of course, the proper procedure in cases of this nature.

Judging by the Boccieri letter, counsel for Forma, Steven Shore, Esq., takes the position that Ormsten cannot properly represent Boccieri because "Mr. Ormsten and his partner sublease their office space from Mr. Shore's law firm and thus both firms share the same suite of offices (which is an entire floor at 112 Madison Avenue, NYC)." Letter at 3. That circumstance, together with Shore's prior retention by Forma, apparently leads Shore to the conclusion that Ormsten should not represent Boccieri.

The logic of that conclusion escapes me. I will assume for this discussion that For-

ma and Boccieri are in a genuinely adverse relationship to each other; although Forma's cross-claim against Boccieri would have been more persuasive on the point if it had been filed before Shore asked Ormsten to stand aside, rather than after, as appears to be the fact. But an adversary relationship between Forma and Boccieri would pose substantial ethical problems only if Ormsten and Shore were partners in the practice of law; the efficacy of an intra-firm "Chinese wall" would then have to be considered. In point of fact, however, Ormsten and Shore are not partners; Ormsten and his partner are Shore's sub-tenants. Any potential problems arising out of the shared office space would appear to be adequately dealt with by Mr. Ormsten's undertaking, set forth in the Boccieri letter, to conduct all meetings with Boccieri and others regarding this case in other premises; and that all records, files, and other documents generated by Ormsten's representation of Boccieri "will be kept and stored at another premises other than his current office." Letter at 4.

On the record presently before me, there is no basis for disqualifying Mr. Ormsten from his representation of Mr. Boccieri. That representation may continue, subject to the conditions Mr. Ormsten suggests himself, which I agree are appropriate in the circumstances.

If any party takes a contrary view, and wishes to disqualify Mr. Ormsten, formal motion papers, affidavits, and memoranda of pertinent authorities must be filed and served on all counsel of record.

It is SO ORDERED.